IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DERIC LAVELLE MAY, (AIS #: 209534) | * * * |
| Plaintiff, | * * |
| vs. | * CIVIL ACTION NO.14-00171-CG-B * |
| JAMES SMITH, *et al.*, | * * |
| Defendants. | * |

## REPORT AND RECOMMENDATION

Plaintiff Deric LaVelle May commenced this action by filing a complaint alleging violations of 42 U.S.C. § 1983 and a motion for leave to proceed *in forma pauperis* (Docs. 1, 2). This action has been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). For the reasons set forth below, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

Title 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding *in forma pauperis* in civil actions under certain circumstances. It provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous,

1

> malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The purpose of this section is to curb abusive prisoner litigation by requiring a prisoner who has had three actions or appeals dismissed as meritless to pay the full filing fee when his next action is filed. Dupree v. Palmer, 284 F. 3d 1234, 1236 (11th Cir. 2002); Vanderberg v. Donaldson, 259 F.3d 1321, 1324, (11th Cir. 2001). "The only exception to section 1915(g) is if the frequent filer prisoner is 'under imminent danger of serious physical injury.'" Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998), overruled on other grounds by Jones v. Bock, 549 U.S. 199, 215-16 (2007); see also Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004) (the "Eleventh Circuit [has] determined that a prisoner must allege a present imminent danger, . . .under section 1915(g) . . .."); Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (Plaintiff could not proceed under § 1915(g) because he failed to allege "that he was in imminent danger of serious physical injury at the time he filed his Complaint or that he was in jeopardy of any ongoing danger.").

The Court has taken judicial notice of its records, which reveal that May has filed at least three cases that have been dismissed as frivolous or for failure to state a claim upon

2

which relief could be granted, namely: May v. Culliver, Case No. 1:10-cv-00121-CG-C (Southern District of Alabama) (complaint and amended complaint dismissed as frivolous, prior to service of process) (see Docs. 19, 35, 39, 40); May v. Culliver, USCA Case Number 12-11518 (Eleventh Circuit Court of Appeals) (appeal dismissed as frivolous) (see Case number 1:10-cv-00121-CG-C (Southern District of Alabama) Doc. 39)); May v. Patterson, Case No. 1:12-cv-00703-KD-N (Southern District of Alabama) (complaint dismissed as frivolous) (see Docs. 14, 17, 18); May v. Barber, Case No. 1:13-cv-00237-CB-C (Southern District of Alabama) (complaint dismissed as malicious, prior to service of process) (see Docs. 6, 10, 11). Thus, May's current filing comes squarely within the ambit of 28 U.S.C. § 1915(g), which precludes him from filing the instant action *in forma pauperis* unless he is "under imminent danger of serious physical injury."

A searching review of May's instant complaint fails to reveal any facts that suggest that he was "under imminent danger of serious physical injury" at the time he filed this action. In his complaint, which was filed on April 8, 2014,[1] May

---

[1] Under the mailbox rule, absent contrary evidence, a prisoner's complaint is deemed filed on the date it is delivered to prison officials for mailing. See Houston v. Lack, 487 U.S. 266, 271-72, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988); Adams v. United States, 173 F.3d 1339, 1340-41 (11th Cir. 1999); Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001).

3

discusses an altercation involving two sergeants at Holman, that occurred nearly a year earlier on May 30, 2013. (Doc. 1 at 4, 5). According to May, the sergeants singled him out and begin using vulgar language towards him while directing him to tuck in his shirt. (Id., at 4). May contends that later in the day, when he went to turn the sergeants in for their behavior, he was allegedly attacked by the officers, including being punched in the back of his head and the side of his face and being thrown against the wall. (Id., at 8-9). May contends that his eighth amendment rights were violated by these officers' use of excessive force. (Id.). The Court finds that accepting May's assertions as true, they are not sufficient to establish that he was under "imminent danger of serious physical injury" at the time he filed this action. Thus, this case does not come within § 1915(g)'s exception.

"Congress' use of the present tense in § 1915(g) confirms that a prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception to the statute." Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (citing Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998) (holding that "the statute's use of the present tense verbs 'bring' and 'is' demonstrates, an otherwise ineligible prisoner is only eligible to proceed IFP if he is in

imminent danger at the time of filing. Allegations that the prisoner has faced imminent danger in the past are insufficient to trigger the exception to § 1915(g) and authorize the prisoner to pay the filing fee on the installment plan.")); see also Banos v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998) (holding that "the language of § 1915(g), by using the present tense, clearly refers to the time when the action or appeal is filed or the motion for IFP status is made.").

The Court finds that accepting May's assertions as true, they are not sufficient to establish that he was under "imminent danger of serious physical injury" at the time he filed this action. His allegations speak of harms that occurred nearly a year *before* he filed his complaint, and do not sufficiently address the "imminent danger of serious bodily injury" requirement. Thus, this case should be dismissed because May is not entitled to proceed *in forma pauperis* under §1915(g) on this complaint wherein he is essentially seeking to redress past harms.

As noted *supra*, "[i]n this Circuit, a prisoner who is no longer entitled to proceed *in forma pauperis* must pay the filing fee at the time he initiates the suit, and failure to do so warrants dismissal without prejudice." Doss v. Henry, 2008 U.S. Dist. LEXIS 109706 (N.D. Fla. Dec. 12, 2008); Dupree, 284 F.3d at 1236 ("The prisoner cannot simply pay the filing fee after

5

being denied *in forma pauperis* status [pursuant to the three strikes provision of § 1915(g)]. He must pay the filing fee at the time he initiates the suit.").

Because May did not pay the $350.00 filing fee at the time that he filed the instant action and because he has failed to meet the "under imminent danger of serious physical injury" exception provided in § 1915(g), this action is due to be dismissed without prejudice. Accordingly, it is recommended that May's Motion to Proceed Without Prepayment of Fees (Doc. 2) be **DENIED**, and that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

### Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. ALA. L.R. 72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates

6

by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **22nd** day of **April, 2014.**

                                    **/s/ SONJA F. BIVINS**
                             **UNITED STATES MAGISTRATE JUDGE**